UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA :
:
*versus* : CRIMINAL NO. 12-162-BAJ-SCR
:
IMEH U. EBERE :

**PLEA AGREEMENT**

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned counsel, and the above-named defendant agree that the defendant will enter a plea of guilty to Count One of the Indictment charging the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and will admit to the forfeiture allegation contained within the Indictment.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty plea, the United States will move to dismiss the remaining counts of the Indictment as to this defendant at the time of sentencing, and no additional criminal charges related to the violations contained in the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives her Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or

act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The United States Attorney agrees to inform the Court of defendant's actions pursuant to this Plea Agreement. The United States, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines, or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial.

6.

If the defendant refuses to provide truthful information or testimony, or provides false or misleading information or testimony, she may, after a judicial finding of such, be prosecuted for any offense covered by this agreement, and all statements and information provided by the defendant may be used against her. The defendant's plea of guilty may not be withdrawn.

7.

The defendant agrees to fully and truthfully complete the financial statement provided to her by the Office of the United States Attorney and to return the financial statement to the undersigned Assistant United States Attorney within ten days of this agreement being filed with

the Court. Further, upon request, she agrees to provide the Office of the United States Attorney with any information or documentation in her possession regarding her financial affairs and agrees to submit to a debtor's examination when requested. The defendant agrees to provide this information whenever requested until such time as any judgment or claim against her, including principal, interest, and penalties is discharged or satisfied in full. This information will be utilized to evaluate her capacity to pay the government's claim or judgment against her, whatever that claim or judgment may be.

8.

The defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment which is an upward departure pursuant to the guidelines; and (c) any punishment which is above the guidelines range calculated by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

The defendant understands that, as a result of this Plea Agreement, the maximum sentence she could receive is ten (10) years imprisonment and a fine of $250,000 or twice the gross gain or gross loss derived from the offense, whichever is greater. The Court may also order restitution in accordance with law. In addition, the Court must impose a special assessment of

$100, which the defendant agrees to pay at the time of sentencing. The defendant understands that, if the Court imposes a term of imprisonment, she may receive a term of supervised release after imprisonment of at least two (2) years and not more than three (3) years. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of two (2) years, without credit for any time already served on the term of supervised release. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

10.

The United States and the defendant further agree that if the defendant's offense level prior to the operation of Section 3E1.1(a) of the United States Sentencing Guidelines is sixteen (16) or greater, and if the defendant complies with the provisions of Section 3E1.1(b) and all terms of this Plea Agreement, including but not limited to the timely submission of the financial statement referenced in paragraph 7, the United States will move, pursuant to Section 3E1.1(b), to decrease the defendant's offense level by one additional level.

11.

The defendant also understands and agrees that the Court will order her to forfeit all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of her health care offense as well as substitute property and/or a money judgment. The amount of the personal money judgment is to be determined by the Court.

12.

The United States and the defendant stipulate, pursuant to Section 6B1.4 of the United States Sentencing Guidelines, that:

a. the proper calculation as to loss pursuant to 2B1.1 of the United States Sentencing Guidelines based on the defendant's participation in the conspiracy, scheme and artifice is more than $400,000 and less than $1,000,000;

b. the defendant's offense did not involve sophisticated means; and

c. the aggravating role enhancement pursuant to 3B1.1 of the United States Sentencing Guidelines does not apply.

The defendant understands that the Court is not bound by this stipulation.

13.

The United States and the defendant stipulate, pursuant to Section 6B1.4 of the United States Sentencing Guidelines and for purposes of Rule 11(b)(3) of the Federal Rules of Criminal Procedure, to the following factual basis:

> During the relevant time, Golden Medical Equipment & Supply, Inc. ("Golden Medical") was a corporation headquartered in Baton Rouge, Louisiana specializing in providing durable medical equipment. Golden Medical became a Medicare provider in 2003, the same year it was incorporated. Medicare enrollment documentation lists IMEH U. EBERE as Golden Medical's owner. EBERE's duties included preparing billings to Medicare as well as ordering and delivering inventory.
>
> From September 2003 through November 2011, Golden Medical, through EBERE and her co-conspirators, known and unknown, knowingly and willfully conducted a scheme to defraud Medicare by billing for services that were medically unnecessary as well as billing for services not rendered. Specifically, EBERE submitted claims to Medicare for enteral nutrition provided to beneficiaries that did not need enteral nutrition and not qualify for enteral nutrition under Medicare regulations. EBERE also

submitted claims for enteral supply kits that were medically unnecessary and were not delivered to beneficiaries. These beneficiaries, for whom Golden Medical had submitted thousands of dollars in enteral claims, did <u>not</u> have feeding tubes, but nevertheless EBERE completed and signed paperwork required by Medicare attesting to the necessity of enteral nutrition for beneficiaries for whom there was <u>no</u> medical basis to do so.

From September 2003 through November 18, 2011, Golden Medical billed approximately $807,324.90 in enteral nutrition claims alone and was paid $444,061.72 by Medicare.

14.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

15.

The defendant understands and acknowledges that, as a result of this guilty plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. Defendant agrees to complete all necessary documents provided by any department or agency of the federal government, including, but not limited to, the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

16.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to her as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that she has not been threatened, intimidated, or coerced in any manner.

17.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that she fully understands the agreement. The defendant has no objection to the legal representation she has received.

This Plea Agreement is entered into this 15th day of July, 2014, in Baton Rouge, Louisiana.

_____  
IMEH U. EBERE  
DEFENDANT  

_____  
MARCI BLAIZE, LBN 25345  
ATTORNEY FOR DEFENDANT  
803 Main St.  
Baton Rouge, LA 70809  
Telephone: (225) 344-1711  
Facsimile: (225) 336-4667  

UNITED STATES OF AMERICA, by

_____  
J. WALTER GREEN, LBN 27812  
UNITED STATES ATTORNEY  

_____  
SHUBHRA SHIVPURI, NYBN 4694295  
ASSISTANT U.S. ATTORNEY  
777 Florida Street, Suite 208  
Baton Rouge, LA 70801  
Telephone: (225) 389-0443  
Facsimile: (225) 389-0561